UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 24-mj-146-MAU-1 |
| ) | |
| MICHAEL HENNESSEY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant Michael Hennessey has filed a motion seeking an order granting authorization for international travel and the temporary release of his passport so that he may travel to Quintana Roo, Mexico, to attend his brother's wedding for the period from August 31, 2024, to September 7, 2024. *See* ECF No. 16. The government opposes the request. *See* ECF No. 17.

The government recognizes that Defendant has been compliant with his conditions of release. *See id.* at 5. Additionally, the government does not claim that Defendant poses a danger to the community nor indicates any specific facts showing that Defendant is a flight risk. Instead, the government's opposition primarily focuses on the gravity of the charges, the difficulty pretrial service officers face in effectively monitoring the Defendant while he is abroad, and the assertion that Defendant's travel is "non-essential." *See id.* at 5-6.

The Court finds the government's arguments unavailing. First, the nature and circumstances of the charged offenses have limited relevance to the flight risk assessment. *See United States. v. Purse*, No. 21-0512, 2022 WL 17264634, at *2 (D.D.C. Nov. 29, 2022). Further, the pretrial services office has expressed no concern about their ability to monitor Defendant overseas effectively. Finally, the government draws an unnecessary and arbitrary distinction between attending a family member's funeral and one's brother's wedding. While the Court does

not minimize the seriousness of the crimes with which Defendant is charged in connection with the events at the Capitol on January 6, 2021, in these circumstances, where the government does not point to any particularized facts indicating that Defendant is a flight risk or danger, and Defendant has been compliant with his conditions of pretrial release, the Court will grant the request. *Cf. United States v. Alden*, 420 F.2d 176, 179 (D.C. Cir. 1969) ("It is not the purpose of the bail system either to punish an accused for his past crimes or to punish him in advance for crimes he has not yet been shown to have committed."). Accordingly, it is hereby

**ORDERED** that Defendant's motion to modify terms and conditions of pretrial release (ECF No.16) is **GRANTED**. It is further

**ORDERED** that Defendant is authorized to travel to Quintana Roo, Mexico, only to attend his brother's wedding for the period commencing on August 31, 2024, returning to the United States on September 7, 2024. It is further

**ORDERED** that Defendant shall contact his supervising U.S. Pre-Trial Services Officer within forty-eight (48) hours of his return to the United States. It is further

**ORDERED** that Defendant may seek the release of his U.S. Passport from the U.S. Pre-trial Service Agency for the Middle District of Florida on or before August 31, 2024. Furthermore, Defendant will surrender his U.S. passport to the U.S. Pre-trial Service Agency for the Middle District of Florida within seventy-two (72) hours of his return to the United States.

**SO ORDERED.**

Date: August 27, 2024.

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE